IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RONDEVOO TECHNOLOGIES, LLC,** | : | Case No.  2:19-cv-04771-EAS-KAJ |
| | : | |
| **Plaintiff,** | : | **Judge Edmund A. Sargus** |
| | : | |
| v. | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **DEEP LENS, INC.,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |

**DEFENDANT DEEP LENS, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant and Counterclaimant Deep Lens, Inc. ("Deep Lens" or "Defendant"), by and through the undersigned counsel, responds to Plaintiff Rondevoo Technologies, LLC's ("Rondevoo" or "Plaintiff") Complaint for Infringement of Patent [Doc. No. 1] ("Complaint").

**ANSWER**

1.      For its response to Paragraph 1 of Plaintiff's Complaint, Defendant states that Plaintiff's Complaint speaks for itself.  Answering further, Defendant denies all alleged wrongdoing and all liability, including for damages, attorneys' fees, and costs, asserted and requested in the Complaint.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint, and therefore denies said allegations.

3.      Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      For its response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that it operates the website at www.deeplens.ai and admits that it does and continues to do business in this judicial district.  Defendant denies all other allegations in Paragraph 4 of Plaintiff's Complaint.

5. For its response to Paragraph 5 of Plaintiff's Complaint, Defendant states that Plaintiff's Complaint speaks for itself.

6. Paragraph 6 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.

7. Paragraph 7 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 7 of the Complaint sets forth factual allegations, Defendant admits that it maintains a place of business in this judicial district but denies that Plaintiff has suffered any injury, in this judicial district or elsewhere, as a result of any action by Defendant.

8. Paragraph 8 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 8 of the Complaint sets forth factual allegations, Defendant admits that it conducts business in this judicial district. Defendant denies that it has infringed either of the patents referenced in the Complaint and denies that it is incorporated in this judicial district.

9. Paragraph 9 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 9 of the Complaint sets forth factual allegations, Defendant admits that it maintains a place of business in this judicial district.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore denies said allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint, and therefore denies said allegations.

12. For its response to Paragraph 12 of Plaintiff's Complaint, Defendant states that the '854 Patent speaks for itself.

13. For its response to Paragraph 13 of Plaintiff's Complaint, Defendant states that the '854 Patent speaks for itself.

14. Paragraph 14 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 14 of the Complaint sets forth factual allegations, Defendant denies said allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore denies said allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore denies said allegations.

17. For its response to Paragraph 17 of Plaintiff's Complaint, Defendant states that the '266 Patent speaks for itself.

18. For its response to Paragraph 18 of Plaintiff's Complaint, Defendant states that the '266 Patent speaks for itself.

19. Paragraph 19 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 19 of the Complaint sets forth factual allegations, Defendant denies said allegations.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint, and therefore denies said allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint, and therefore denies said allegations.

22. For its response to Paragraph 22 of Plaintiff's Complaint, Defendant states that the '879 Patent speaks for itself.

23. For its response to Paragraph 23 of Plaintiff's Complaint, Defendant states that the '879 Patent speaks for itself.

24. Paragraph 24 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent that Paragraph 24 of the Complaint sets forth factual allegations, Defendant denies said allegations.

25. For its response to Paragraph 25 of Plaintiff's Complaint, Defendant admits that it offers certain software solutions, but states that those solutions and their functionality speak for themselves.

26. For its response to Paragraph 26 of Plaintiff's Complaint, Defendant states that Exhibit D to the Complaint purports to be a claim chart for Claim 1 of the '854 Patent. Defendant denies that the comparisons in Exhibit D are accurate and denies that Exhibit D identifies any infringement of any kind of the '854 Patent, including direct infringement, infringement under the doctrine of equivalents, contributory infringement, inducement of infringement.

27. Paragraph 27 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 27 sets forth factual allegations, until the asserted claim is construed by the Court,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Complaint, and therefore denies said allegations.

28. Paragraph 28 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that Paragraph 28 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint, and therefore denies said allegations.

29. Paragraph 29 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that Paragraph 29 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Complaint, and therefore denies said allegations.

30. Paragraph 30 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that Paragraph 30 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint, and therefore denies said allegations.

31. Paragraph 31 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that Paragraph 31 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Complaint, and therefore denies said allegations.

32.     For its response to Paragraph 32 of Plaintiff's Complaint, Defendant states that Exhibit E to the Complaint purports to be a claim chart for Claim 1 of the '266 Patent. Defendant denies that the comparisons in Exhibit E are accurate and denies that Exhibit E identifies any infringement of any kind of the '266 Patent, including direct infringement, infringement under the doctrine of equivalents, contributory infringement, inducement of infringement.

33.     Paragraph 33 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that Paragraph 33 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Complaint, and therefore denies said allegations.

34.     Paragraph 34 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that Paragraph 34 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's Complaint, and therefore denies said allegations.

35.     Paragraph 35 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that Paragraph 35 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of Plaintiff's Complaint, and therefore denies said allegations.

36.     Paragraph 36 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required.  To the extent that

Paragraph 36 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's Complaint, and therefore denies said allegations.

37. Paragraph 37 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 37 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of Plaintiff's Complaint, and therefore denies said allegations.

38. Paragraph 38 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 38 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of Plaintiff's Complaint, and therefore denies said allegations.

39. Paragraph 39 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 39 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiff's Complaint, and therefore denies said allegations.

40. For its response to Paragraph 40 of Plaintiff's Complaint, Defendant states that Exhibit F to the Complaint purports to be a claim chart for Claim 1 of the '879 Patent. Defendant denies that the comparisons in Exhibit F are accurate and denies that Exhibit F identifies any infringement of any kind of the '879 Patent, including direct infringement,

infringement under the doctrine of equivalents, contributory infringement, inducement of infringement.

41. Paragraph 41 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 41 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Plaintiff's Complaint, and therefore denies said allegations.

42. Paragraph 42 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 42 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiff's Complaint, and therefore denies said allegations.

43. Paragraph 43 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 43 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiff's Complaint, and therefore denies said allegations.

44. Paragraph 44 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 44 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiff's Complaint, and therefore denies said allegations.

45. Paragraph 45 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 45 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiff's Complaint, and therefore denies said allegations.

46. Paragraph 46 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 46 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiff's Complaint, and therefore denies said allegations.

47. Paragraph 47 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 47 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Complaint, and therefore denies said allegations.

48. Paragraph 48 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 48 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiff's Complaint, and therefore denies said allegations.

49. Paragraph 49 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 49 sets forth factual allegations, until the asserted claim is construed by the Court,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of Plaintiff's Complaint, and therefore denies said allegations.

50. Paragraph 50 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 50 sets forth factual allegations, until the asserted claim is construed by the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiff's Complaint, and therefore denies said allegations.

51. For its response to Paragraph 51 of Plaintiff's Complaint, Defendant reasserts its responses set forth in Paragraphs 1-50 above as if fully reproduced here.

52. Paragraph 52 of Plaintiff's Complaint calls for a legal conclusion, including a construction of the referenced patent claim, to which no response is required. To the extent that Paragraph 52 sets forth factual allegations, Defendant denies said allegations.

53. For its response to Paragraph 53 of the Complaint, Defendant denies that it has infringed any claims of the '854 Patent, the '266 Patent, or the '879 Patent, and further denies any and all knowledge of any such infringement, if proved.

54. For its response to Paragraph 54 of the Complaint, Defendant denies that it has infringed any claims of the '854 Patent, the '266 Patent, or the '879 Patent, and further denies that there is any basis for any sort of injunction or other equitable relief against Defendant.

55. For its response to Paragraph 55 of the Complaint, Defendant denies that it has infringed any claims of the '854 Patent, the '266 Patent, or the '879 Patent, and further denies that it has damaged, or will damage, Plaintiff in any way.

56. Defendant denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57. For its response to Paragraph 55 of the Complaint, Defendant denies that it has infringed any claims of the '854 Patent, the '266 Patent, or the '879 Patent, and further denies that Defendant required any license from Plaintiff for any actions that Defendant has undertaken.

58. For its response to Paragraph 58 of the Complaint, Defendant denies that it has infringed any claims of the '854 Patent, the '266 Patent, or the '879 Patent, and further denies that Plaintiff has suffered monetary damages as a result of any action by Defendant and that Plaintiff is entitled to a monetary judgment against Defendant for any reason.

59. For its response to Paragraph 59 of the Complaint, Defendant denies that it has infringed any claims of the '854 Patent, the '266 Patent, or the '879 Patent, and further denies that there is any basis for any sort of injunction or other equitable relief against Defendant. Defendant further denies that Plaintiff is entitled to any compensation whatsoever from Defendant for any past or future action by Defendant.

60. Paragraph 60 of Plaintiff's Complaint fails to set forth factual allegations and, therefore, does not require a response. Defendant states that Federal Rules of Civil Procedure, the Local Rules of this Court, the Patent Act, and applicable caselaw, determine Plaintiff's right, if any, to modify its asserted infringement theories.

61. Defendant demands a trial by jury on any and all cause of action for which a jury trial is available.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

1. Plaintiff fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**
**(Non-Infringement)**

2. Deep Lens does not infringe, has not infringed (directly, contributorily, or by inducement) and is not liable for infringement of any valid and enforceable claim of the '854 Patent, the '266 Patent, or the '879 Patent, either literally or under the doctrine of equivalents.

**Third Affirmative Defense**
**(Prosecution History Estoppel)**

3. Plaintiff is barred by the doctrine of Prosecution History Estoppel from presenting a claim interpretation necessary to find that Deep Lens has infringed the '854 Patent, the '266 Patent, and/or the '879 Patent.

**Fourth Affirmative Defense**
**(Prosecution History Disclaimer)**

4. Plaintiff is barred by the doctrine of Prosecution History Disclaimer from presenting a claim interpretation necessary to find that Deep Lens has infringed the '854 Patent, the '266 Patent, and/or the '879 Patent.

**Fifth Affirmative Defense**
**(Invalidity)**

5. One or more claims of the '854 Patent, the '266 Patent, and the '879 Patent is invalid, unenforceable, and void for failure to comply with the provisions of 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Sixth Affirmative Defense**
**(Inequitable Conduct)**

6. Plaintiff's infringement claims are barred, in whole or in part, by its inequitable conduct and/or the inequitable conduct of one or more of its representatives or predecessors in interest.

### Seventh Affirmative Defense
### (Unclean Hands)

7. Plaintiff's infringement claims are barred, in whole or in part, by the doctrine of unclean hands due to its conduct and/or the conduct of one or more of its representatives or predecessors in interest.

### COUNTERCLAIMS

Defendant and Counterclaimant, Deep Lens, Inc. ("Deep Lens" or "Counterclaimant"), by and through its attorneys, hereby asserts the following Counterclaims against Plaintiff and Counterclaim Defendant, Rondevoo Technologies, LLC ("Rondevoo" or "Plaintiff").

### Parties

1. Deep Lens is a corporation organized and existing under the laws of Delaware with a place of business at 1275 Kinnear Road, Columbus, Ohio, 43212.

2. Upon information and belief, Plaintiff is a limited liability company organized and existing under the laws of California that maintains its principal place of business at 177 E. Colorado Blvd., Pasadena, California, 91105.

### Jurisdiction and Venue

3. Plaintiff has invoked the jurisdiction and venue of this Court by filing its Complaint arising out of the same subject matter as Deep Lens' Counterclaims.

4. Jurisdiction arises under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, and 2202.

### Nature of the Action

5. This is an action for a declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* for patent invalidity and/or non-infringement pursuant to 35 U.S.C. §§ 1, *et seq.*

6. In its Complaint, Plaintiff alleges that the "Deep Lens image processing software system (the 'Accused System')" has infringed and continues to infringe U.S. Patent No. 7,088,854 ("the '854 Patent"), U.S. Patent No. 7,254,266 ("the '266 Patent), and U.S. Patent No. 8,687,879 ("the '879 Patent).

7. Deep Lens denies that it infringes any valid and enforceable claim of the '854 Patent, the '266 Patent, or the '879 Patent.

8. Consequently, an immediate, real, and justiciable controversy that requires a declaration of rights from this Court exists between Deep Lens and Plaintiff concerning the '854 Patent, the '266 Patent, and the '879 Patent.

**First Counterclaim**
**Declaratory Judgment of Non-Infringement**
**of the '854 Patent, the '266 Patent, or the '879 Patent**

9. Deep Lens incorporates by reference the allegations in Paragraphs 1-8 of its Counterclaims as though fully set forth here.

10. Deep Lens has not infringed and does not infringe any claim of the '854 Patent, the '266 Patent, or the '879 Patent, either literally or under the doctrine of equivalents.

11. Deep Lens has not induced, and does not induce, infringement of any claim of the '854 Patent, the '266 Patent, or the '879 Patent.

12. Deep Lens has not contributorily infringed, and does not contributorily infringe, any claim of the '854 Patent, the '266 Patent, or the '879 Patent.

13. Deep Lens is entitled to a declaratory judgment that it has not in the past infringed, and is not now infringing, any claim of the '854 Patent, the '266 Patent, or the '879 Patent.

## Second Counterclaim
### Declaratory Judgment that the '854 Patent, the '266 Patent, and the '879 Patent Are Invalid

14. Deep Lens incorporates by reference, the allegations of Paragraphs 1-13 of these Counterclaims, as if fully set forth here.

15. The claims of the '854 Patent, the '266 Patent, and/or the '879 Patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

16. For example, the claims of the '854 Patent, the '266 Patent, or the '879 Patent recite abstract and generic graphic analysis operations and, accordingly, are invalid under at least 35 U.S.C. § 101.

17. Likewise, upon information and belief, one or more third parties has been offering products and systems that are substantially the same as the claims computer programs and systems since before the critical date of the '854 Patent, the '266 Patent, and the '879 Patent, which renders the claims of the '854 Patent, the '266 Patent, and the '879 Patent invalid under 34 U.S.C. §§ 102 and/or 103.

18. Deep Lens is entitled to a declaratory judgment that one or more claims of the '854 Patent, the '266 Patent, and/or the '879 Patent is invalid and void pursuant to 35 U.S.C. § 101, et seq.

## RELIEF REQUESTED

WHEREFORE, Deep Lens requests that this Court enter judgment that:

(a) Dismisses Plaintiff's Complaint with prejudice and denies all relief requested therein;

(b) Plaintiff and all persons in active concert or participation with it are enjoined from threatening or charging infringement of, or instituting any action for infringement of, the

'854 Patent, the '266 Patent, and/or the '879 Patent against Deep Lens, its related corporate entities, suppliers, customers, or any distributors or users of the products of any of them;

(c) Deep Lens and its related corporate entities, suppliers, customers, distributors, or users of the products of any of them are not liable for direct infringement, contributory infringement, induced infringement, or willful infringement of the '854 Patent, the '266 Patent, and/or the '879 Patent, either literally or under the doctrine of equivalents;

(d) One or more claims of the '854 Patent, the '266 Patent, and/or the '879 Patent is invalid and void pursuant to 35 U.S.C. § 101 et seq.

(e) Plaintiff is not entitled to costs under 35 U.S.C. § 288;

(f) This is an exceptional case entitling Deep Lens to an award of its attorneys' fees pursuant to 35 U.S.C. § 285;

(g) Costs and expenses be awarded to Deep Lens; and

(h) Such other and further legal and equitable relief as this Court may deem appropriate.

        Respectfully submitted,

        *s/ T. Earl LeVere*
        T. Earl LeVere (0063515), Trial Attorney
        Roger A. Gilcrest (0019663)
        Ice Miller LLP
        250 West Street
        Columbus, Ohio 43215
        Telephone:  (614) 462-2700
        Facsimile:   (614) 462-5135
        Email:  Earl.LeVere@icemiller.com
             Roger.Gilcrst@icemiller.com

        *Counsel for Defendant Deep Lens, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby states that a true and accurate copy of the foregoing *DEFENDANT DEEP LENS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS* was served on the 21st day of January 2020, via the Court's CM/ECF system, to all parties consenting to service through the same.

*s/ T. Earl LeVere*
T. Earl LeVere
