**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **RONDEVOO TECHNOLOGIES, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **DEEP LENS, INC.,** <br><br> Defendant. | Civil Action No.: 2:19-cv-04771-EAS-KAJ <br><br> **TRIAL BY JURY DEMANDED** |

**PLAINTIFF RONDEVOO TECHNOLOGIES, LLC'S ANSWER TO DEFENDANT
DEEP LENS INC.'S COUNTERCLAIMS**

Now comes Plaintiff and Counter Defendant, Rondevoo Technologies, LLC ("Plaintiff" or "Counterclaim Defendant"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12, without admission of the legal sufficiency thereof and responding only to the factual allegations therein, state as follows for its Answer and Defenses to Defendant and Counter Plaintiff Deep Lens Inc.'s ("Defendant" or "Counterclaim Plaintiff") Counterclaims (D.E. 10) (hereafter the "Counterclaims") as follows:

1. Counterclaim Defendant admits the allegations contained in Paragraph 1 of Counterclaim Plaintiff's Counterclaims.

2. Counterclaim Defendant admits the allegations contained in Paragraph 2 of Counterclaim Plaintiff's Counterclaims.

3. Counterclaim Defendant admits the allegations contained in Paragraph 3 of Counterclaim Plaintiff's Counterclaims.

4. The allegations in Paragraph 4 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendants are without knowledge or

information sufficient to form a belief as to the truth of any factual allegations in Paragraph 4 of Counterclaim Plaintiff's Counterclaims and therefore denies them.

5. The allegations in Paragraph 5 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of any factual allegations in Paragraph 5 of Counterclaim Plaintiff's Counterclaims and therefore denies them.

6. To the extent the allegations of Paragraph 6 seek to paraphrase or characterize the contents of that written document, the document speaks for itself and Counterclaim Defendant denies the allegations to the extent that they are inconsistent with that document.

7. The allegations in Paragraph 7 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendants deny that Counterclaim Plaintiffs do not infringe the underlying patents-in-suit, but do admit that Counterclaim Plaintiffs have alleged their non-infringement in this Paragraph 7 of Counterclaim Plaintiff's Counterclaims.

8. The allegations in Paragraph 8 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 8 of Counterclaim Plaintiff's Counterclaims.

## **FIRST COUNTERCLAIM**

9. Counterclaim Defendant incorporates by reference each of its answers in paragraphs 1-8 above and denies any allegations that may have been levied in any preceding Counterclaim heading.

10. The allegations in Paragraph 10 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 10 of Counterclaim Plaintiff's Counterclaims.

11. The allegations in Paragraph 11 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 11 of Counterclaim Plaintiff's Counterclaims.

12. The allegations in Paragraph 12 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 12 of Counterclaim Plaintiff's Counterclaims.

13. The allegations in Paragraph 13 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 13 of Counterclaim Plaintiff's Counterclaims.

## SECOND COUNTERCLAIM

14. Counterclaim Defendant incorporates by reference each of its answers in paragraphs 1-13 above and denies any allegations that may have been levied in any preceding Counterclaim heading.

15. The allegations in Paragraph 15 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 15 of Counterclaim Plaintiff's Counterclaims.

16. The allegations in Paragraph 16 are bare legal conclusions, to which no answer is required. Further, to the extent the allegations of Paragraph 16 seek to paraphrase or characterize the contents of the written documents referenced, the documents speak for themselves and Counterclaim Defendant denies the allegations to the extent that they are inconsistent with those

documents. To the extent any further answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 16 of Counterclaim Plaintiff's Counterclaims.

17. The allegations in Paragraph 17 are bare legal conclusions, to which no answer is required. To the extent an answer is required, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of any factual allegations in Paragraph 17 of Counterclaim Plaintiff's Counterclaims, and therefore denies them.

18. The allegations in Paragraph 18 are bare legal conclusions, to which no answer is required. Further, to the extent the allegations of Paragraph 18 seek to paraphrase or characterize the contents of the written documents referenced, the documents speak for themselves and Counterclaim Defendant denies the allegations to the extent that they are inconsistent with those documents. To the extent any further answer is required, Counterclaim Defendant denies the allegations contained in Paragraph 18 of Counterclaim Plaintiff's Counterclaims.

## DEFENDANT/COUNTERCLAIM PLAINTIFF'S REQUEST FOR RELIEF

Counterclaim Defendant denies that Counterclaim Plaintiff is entitled to any relief from Counterclaim Defendant and denies all the allegations set forth in Paragraphs a-h in the Request for Relief provided in Counterclaim Plaintiff's Counterclaims.

## AFFIRMATIVE DEFENSES

Counterclaim Defendant's Affirmative Defenses to Counterclaim Plaintiff's Counterclaims are listed below. Counterclaim Defendant reserves the right to supplement its Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE

Counterclaim Plaintiff directly infringes, indirectly infringes, contributes to infringement or induces infringement of at least one of the valid and enforceable claims of the Patents-in-Suit,

4

either literally or under the doctrine of equivalents. Because this action is in its early stages and discovery has not yet commenced, Counterclaim Defendant reserves the right to modify, supplement, amend and expand its affirmative defenses as more information becomes available.

## SECOND AFFIRMATIVE DEFENSE

The asserted claims of the Patents-in-Suit are valid. Because this action is in its early stages and discovery has not yet commenced, Counterclaim Defendant reserves the right to modify, supplement, amend and expand its affirmative defenses as more information becomes available.

## RELIEF REQUESTED IN RESPONSE TO COUNTERCLAIMS

WHEREFORE, having fully responded to the allegations contained in Defendant and Counterclaim Plaintiff's Counterclaims, Plaintiff and Counterclaim Defendant prays for the following:

(a) That the Counterclaims be dismissed with costs;

(b) That Plaintiff be granted the relief requested in its Complaint; and

(c) For such other and further relief as the Court may determine to be just and proper.

Dated: February 10, 2020                     Respectfully submitted,

                                             SAND, SEBOLT & WERNOW CO., LPA

                                             */s/ Howard L. Wernow*
                                             Howard L. Wernow
                                             Andrew S. Curfman
                                             Aegis Tower - Suite 1100
                                             4940 Munson Street, N. W.
                                             Canton, Ohio 44718
                                             Phone: 330-244-1174
                                             Fax: 330-244-1173
                                             Howard.Wernow@sswip.com
                                             Andrew.Curfman@sswip.com

                                             ATTORNEYS FOR PLAINTIFF

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Answer to Counterclaims was served on the 10th day of February, 2020, via the Court's CM/ECF system, to all parties consenting to service through same.

>  */s/ Howard L. Wernow*
> Howard L. Wernow